MUNICIPALITY OF JUNCOS, ETC., Plaintiff and Appellee, v. JUAN CARRERAS ET AL., Defendants and Appellants.

No. 8612. Argued February 4, 1944.—Decided April 10, 1944.

*R. A. Arroyo Ríos* and *Oscar R. Brizzie* for appellants.   *E. Arjona Siaca* and *A. Figueroa Rivera* for appellee.

Mr. Justice Snyder delivered the opinion of the court.

On November 30, 1939, the Municipality of Juncos purported to grant Petra Reyes viuda de Malavé the usufruct of a lot on which to build a house. In the fall of 1941 Juan Carreras, a contractor, began the construction of a house on this lot for Mrs. Reyes. According to his testimony, Barreras was supervising the building of this house at a weekly salary, obtaining the necessary materials from a merchant who billed Mrs. Reyes therefor. In order to begin to build the house, Carreras testified that he tore down a fence which the Municipality had erected to prevent the construction of the house on the lot in question. This fence was built around the lot shortly before Carreras began to build the house, according to officials of the Municipality, because they were under the impression that (*a*) Petra Reyes had sold the lot to Otilio Flores, and (*b*) that Flores was going to build a house thereon for himself. The position of the Municipality was that the cession of the usufruct to Mrs. Reyes did not permit her to convey the lot to a third person. Carreras worked several weeks on the house. By that time, according to his testimony "that job has the first concrete mould for the house already poured; the steel reinforcements have been installed; and all the steel reinforcements for the house have been erected".

Whereupon the Municipality filed the petition for injunction herein. After a trial on the merits, the district court granted the relief prayed for, enjoining Carreras, Flores,

and Mrs. Reyes from continuing to build on the lot or to enter thereon. This is an appeal from that judgment.

The district court was correct in its ruling that the grant of the usufruct to Mrs. Reyes was null and void. There is no dispute that the Municipal Assembly of Juncos consists by law of eleven members (See *Municipal Assembly* v. *González, Mayor,* 55 P.R.R. 526, 45). Section 70 of the Municipal Law (Act No. 53, §70, Laws of P. R., 1928) provides, as to usufructs "The concession shall *necessarily* be made by an ordinance or resolution adopted by the majority of the total number of members of the assembly". (Italics ours). But the grant of the usufruct herein was made to Mrs. Reyes by only five members of the Assembly. This provision of the Municipal Law is mandatory, and the action of the five members in granting the usufruct in question therefore has no legal effect.

The district court consequently felt that it had no alternative except to grant an injunction in this case. But we are unable to agree with this conclusion. This is not like the cases cited by the district court (*Moscoso Hno. & Cia.* v. *Municipality,* 50 P.R.R. 181, 2, 3; *Humacao Lumber Co.* v. *Amer. Surety Co.,* 59 P.R.R. 164, 8; *Municipality of Río Piedras* v. *Serra Garabís & Co.,* 65 F.(2d) 691, 693, 694 (C. C.A. 1st, 1932); to the same effect, *González* v. *Municipality,* 61 P.R.R. 357) where the party which had entered into a void contract with a municipality was suing the municipality on the contract. Here the municipality is seeking affirmative action from the courts. And it is seeking the extraordinary and drastic relief of injunction from a court of equity. It is not necessary under those circumstances for us to talk in terms of estoppel or even to invoke the doctrine of "clean hands". An equity court may in its discretion stay its hand if under all the circumstances of the case it feels that it should not lend its processes to work a man-

ifest injustice. "He who seeks equity must do equity" is a guidepost for an equity court in this connection.

The instant case furnishes an example of the type of case which enables an equity court to use its flexible procedure and wide discretion in order to refuse to be a party to inequitable action which shocks the conscience. (Cf. *Hecht Co. v. Bowles,* 321 U. S. 321, 12 L. W. 4188, decided Feb. 28, 1944). An illiterate old lady obtains in good faith the usufruct of a municipal lot which is precisely dedicated to the purpose of furnishing free land for the homes of the poor. She spends thereon $200 of her capital, which consists of $600, and plans to borrow the remainder of the $900 cost. It is true that the municipal officials attempted to stop the construction; but they did so on a supposed state of facts—that the house was being built for someone not entitled to the usufruct of the lot—which was not true. The theory of a void grant was never mentioned until the Municipality filed the suit herein. And by that time the foundation of the house and all the steel reinforcements had been installed and several feet of concrete of the house itself had been erected. Under those circumstances we hold that it was an abuse of discretion for the district court to grant the Municipality the affirmative relief of injunction in this case. If the Municipality persists in its intention of standing on its technical rights in connection with the void grant, it will be time enough in an appropriate proceeding to consider what relief, if any, Mrs. Reyes has against the Municipality (Cf. cases collected in 93 A.L.R. 441 and cf. *Carrasquillo v. Maldonado, Int.,* 56 P.R.R. 375; *Rivera v. Santiago,* 56 P.R.R. 361; *People v. Carrasquillo,* 58 P.R.R. 178).

There was apparently a change in the membership of the Municipal Assembly between the date of the grant of the usufruct to Mrs. Reyes—November 1939—and the date she began to build her house thereon. But the new members of

380

the Assembly should take into consideration the equities of this situation. An old poverty-stricken illiterate widow with a large family has put her life's savings into the building of a home. The lot granted to her by the Municipality is designed for just such a use. Other adjacent lots, some of which were granted by the same invalid "agreement" of the Municipal Assembly, are being used by others in similar circumstances for that purpose. We see no reason why in good conscience the Municipal Assembly should not pass a new resolution validating the original grant under which Mrs. Reyes has begun to built her home.

The judgment of the district court will be reversed and a new judgment in favor of the defendants will be entered.